IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR GUERRERO, and CYNTHIA URIBE as Mother of CYNTHIA GUERRERO, Minor Grand Daughter of ELOUISA GUERRERO, as Co-Special Administrators of the Estate of ELOUISA GUERRERO, Deceased,<br><br>          Plaintiffs,<br><br>vs.<br><br>DONALD WELLS and WHITELINE EXPRESS, LTD., a Corporation,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS', WHITELINE EXPRESS, LTD.
AND DONALD WELLS, ANSWER TO PLAINTIFFS' COMPLAINT AT LAW**

Defendants, WHITELINE EXPRESS, LTD. and DONALD WELLS, by their attorneys, Patton & Ryan LLC, answer Plaintiffs' Complaint as follows:

1. That on April 25, 2008, Plaintiff's Decedent was exiting the CTA platform and descending the escalator located at or near 138 West Cermak, in the City of Chicago, County of Cook, and State of Illinois.

**ANSWER:** Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 1.

2. That on the aforesaid date, the Defendant, Donald Wells, was operating a motor vehicle in the capacity of agent, servant and/or employee of the Defendant, WHITELINE EXPRESS, LTD., a Corporation, exited the I-55/94 exit and continued northbound across four lines of traffic, first striking the CTA bus shelter, jumping the curb and continuing onto the

sidewalk sticking the CTA escalator/stairs before coming to a stop, in the aforesaid City, County and State.

**ANSWER:** Defendants admit that a tractor-trailer containing Donald Wells collided with portions of the CTA station; Defendants deny the remainder of the allegations of Paragraph 2.

3.  That at said time and place, a collision occurred between the vehicle the Defendant, DONALD WELLS, was operating and the person of the Plaintiff.

**ANSWER:** Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 3.

4.  That the Defendants, and each of them, were then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a) Operated, maintained and controlled a tractor/trailer in a negligent manner;

(b) Operated, maintained, controlled and drove a tractor/trailer into a collision with ELOUISA GUERRERO, a pedestrian;

(c) Operated a tractor/trailer without keeping a proper and sufficient lookout;

(d) Failed to give audible warning with the vehicle's horn when such warning was reasonably necessary to ensure safety in violation of 625 ILCS 5/12-601;

(e) Failed to reduce the speed of a tractor/trailer so as to avoid a collision with ELOUISA GUERRERO in violation of 625 ILCS 5/11-601;

(f) Failed to stop or apply the brakes o [sic] a tractor/trailer so as to avoid striking ELOUISA GUERRERO, a pedestrian, in violation of 625 ILCS 5/11-601;

(g) Operated a tractor/trailer at a speed which was greater than was reasonable and proper in violation of 625 ILCS 5/11-601;

(h) Carelessly and negligently failed to yield the right of way to a pedestrian;

(i) Failed to observe and obey the traffic control light in violation of 625 ILCS 5/11-904;

2

(j) Failed to decrease the speed of a tractor/trailed [*sic*] when approaching or crossing an intersection, in violation of 625 ILCS 5/11-601;

(k) Was otherwise careless and negligent.

**ANSWER:** Defendants deny each and every allegation of Paragraph 4, including subparagraphs (a) through (k).

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendants, and each of them, the Plaintiff's Decedent sustained severe and permanent injuries resulting in her death on April 25, 2008.

**ANSWER:** Defendants deny the allegations of Paragraph 5.

6. That on April 25, 2008, and for some time prior thereto, there was in full force and effect in the state of Illinois a certain Act, commonly known as the Wrongful Death Act, 740 ILCS 180/1-2, inclusive, which provided in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured and although the death shall have been caused under such circumstances as amount in law to felon. (740 ILCS 180/1)
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in ever such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person. In every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow and mental suffering, to the surviving spouse and next of kin of such deceased person. (740 ILCS 180/2)

**ANSWER:** Paragraph 6 is the attempted quotation of Illinois statutes and requires no answer. Defendants will allow the Illinois Compiled Statutes to speak for themselves.

7.　　That on April 25, 2008, pursuant to Order of the Circuit Court of Cook County, Illinois, ARTHUR GUERRERO, and CYNTHIA URIBE were duly appointed Co-Special Administrators of the Estate of ELOUISA GUERRERO, Deceased, for the purpose of prosecuting this action.

**ANSWER:**　Defendants have insufficient knowledge to form a belief as to the truth of the allegations in Paragraph 7.

8.　　That ELOUISA GUERRERO left surviving, the following: ARTHUR GUERRERO, son and CYNTHIA GUERRERO, Minor Grand Daughter, who were dependent upon ELOUISA GUERRERO, Deceased, for their support, and as a consequence of the careless and negligent acts and/or omissions of the Defendants, and each of them, suffered injuries in their means of support.

**ANSWER:**　Defendants have insufficient knowledge to form a belief as to the truth of the allegations of persons surviving ELOUISA GUERRERO. Defendants deny all other allegations contained in Paragraph 8.

WHEREFORE, Defendants deny Plaintiffs are entitled to judgment, pray judgment be entered in their favor and against Plaintiffs and demand trial by jury.

## AFFIRMATIVE DEFENSE

1. For further answer and affirmative defense, Defendants state that the above-referenced collision was caused by an unforeseeable sudden illness or act of God, which rendered Defendant Don Wells incapable of controlling his vehicle.

2. For further answer and affirmative defense, Defendants state that the above-referenced collision was caused by the sudden and unforeseeable mechanical failure of the aforesaid tractor-trailer's brakes.

WHITELINE EXPRESS, LTD. and
DONALD WELLS


By:_____/s John W. Patton, Jr._____
    One of the attorneys for Defendants

John W. Patton, Jr.
Richard W. Schumacher
Patton & Ryan LLC
330 North Wabash Avenue, Suite 2900
Chicago, Illinois 60611
(312) 261-5160